# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA[1]

v.  Case No. 3:24-cr-28-TJC-MCR

TONYA LEIGH COOK

_____

## O R D E R

This case is before the Court on defendant Tonya Leigh Cook's Notice of Removal (Doc. 1), and her Amended Notice of Removal (Doc. 2), which is essentially a supplement to the original notice. Proceeding in this Court pro se, Cook seeks to remove her state court criminal case now pending in Flagler County Circuit Court under 28 U.S.C. § 1443(1), which permits removal of a state court criminal (or civil) case to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). [2]

---

[1] Because this case was removed and opened as a criminal case, the United States is automatically listed as a party. However, the prosecuting authority is the State of Florida.

[2] Cook's notice of removal, filed on February 15, 2024, may be untimely under 28 U.S.C. § 1455(b), which requires filing within 30 days of arraignment or before trial, whichever is earlier. Cook's amended notice addresses § 1455[(b)] and explains that she thought she had sent her filing earlier. It is not clear from the docket Cook attached whether she has been arraigned (so her filing may be timely). Regardless, the Court would excuse any untimeliness as

Cook, who was arrested on September 7, 2023 and is charged by information with trafficking in methamphetamine and possession of paraphernalia, contends that she was not promptly seen by a judge or informed of the charges following her arrest, that she was given a "no-contact" restriction whereas her husband, who is white, was not similarly restricted, and that her phone was taken.  See Docs. 1 & 2.  Cook's race is listed as "white" on her charging affidavit (Doc. 1-2 at p. 1), but she states she is bi-racial and, though fair-complected, has dreadlocks and appears "mixed."  See Doc. 2 at 1. Cook claims she is not receiving equal treatment in state court because she is bi-racial, a drug addict, and indigent, in violation of 42 U.S.C. §§ 1981 and 1985(3).

A party removing under 28 U.S.C. § 1443(1) must satisfy a two-prong test. Georgia v. Rachel, 384 U.S. 780, 792 (1966).  First, the party "must show that the right upon which [the party] relies arises under a federal law providing for specific civil rights stated in terms of racial equality."  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (citing Rachel, 384 U.S. at 792).  "Second, the party "must show that [she] has been denied or cannot enforce that right in state courts."  Id. (citing Rachel, 384 U.S. at 794).

"The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does

---

permitted by 28 U.S.C. § 1455(b) for good cause given her pro se status and apparent attempts to file it sooner.

2

not include rights of 'general application available to all persons or citizens.'" Id. (quoting Rachel, 384 U.S. at 792). Without much explanation, Cook cites 42 U.S.C. § 1981 and § 1985 as the civil rights being violated. While either of those may qualify under the removal statute, Conley, 245 F.3d at 1295-96, because Cook cannot satisfy the second prong of the Rachel test, the Court must remand. Mere allegations of "bias" or "'charges that the defendant is unable to obtain a fair trial in a particular state court' are insufficient to support removal under § 1443(1)." Conley, 245 F.3d at 1298-99 (quoting City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966)). "The denial of federal rights that might come to pass as the proceedings progress[ ] could be redressed by direct review of the federal claims by the state appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings . . . ." Id. at 1298. See also Georgia v. Daker, 853 F. App'x 514, 517-18 (11th Cir. 2021) (holding that even if defendant satisfied first prong of § 1443(1) removal, he could not satisfy second prong because he had multiple avenues to seek relief, including direct appellate review). Cook has made no showing that she cannot enforce her rights in state court.

Accordingly, it is hereby

**ORDERED:**

1. This case is remanded to the Seventh Judicial Circuit Court in and for Flagler County, Florida.

3

2.  The clerk shall send a certified copy of this order to the Flagler County Clerk of Court and shall close this file.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day March, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Copies:

Tonya Leigh Cook